## *In re* MARY K. YETTER'S ESTATE.

Argued Nov. 17, 1893. Affirmed Dec. 7, 1893.

No. 8407.

**Verdict supported by the evidence.**

Evidence held to justify the verdict.

**Burden of proof, refusal to charge the jury as to.**

Where the evidence conclusively proves a fact, it is not error for the court to refuse to charge the jury upon which party the burden of proof originally rested.

**Error without prejudice.**

Nor is it prejudicial error to admit incompetent evidence of a fact, when such fact is otherwise conclusively proved.

Appeal by Hugo F. Yetter, as administrator of the estate of Mary K. Yetter, deceased, from an order of the District Court of Hennepin County, *Seagrave Smith*, J., made May 13, 1893, denying his motion for a new trial.

Mary K. Yetter died intestate November 30, 1891, at Minneapolis, and Hugo F. Yetter was appointed January 4, 1892, by the Probate Court of Hennepin County, administrator of her estate. A claim of $3,425 for moneys had and received was presented March 31, 1892, for allowance against her estate by Bernhardt R. Zwick and Joseph C. Zwick, as executors of the will of her mother, Emily K. Zwick, deceased. The claim was disallowed and they appealed to the District Court. Pleadings were there framed (Laws 1889, ch. 46, § 260) and the issues tried January 30, 1893, and a verdict rendered allowing $3,347.17 against the estate of Mrs. Yetter. The administrator moved for a new trial, and being denied he appeals.

*W. H. Adams*, for appellant.

*Johnson, Leonard & McCune*, for respondents.

MITCHELL, J. This matter came up to the District Court on appeal from an order of the Probate Court disallowing a claim of the estate of Emily K. Zwick, deceased, against the estate of Mary K. Yetter, deceased, for money had and received by the latter as agent of the former, and which had not been paid over or accounted for.

Numerous sums were claimed in the complaint, but on the trial all were abandoned except two, viz.: $2,704, received on the Pauly mortgages, and $318 on the Ermentrout mortgage.

The uncontradicted evidence is that Mrs. Yetter was the only daughter of Mrs. Zwick, and had for years been her agent for the transaction of her business in collecting, handling, and disbursing her money, with authority to indorse checks, etc.; that the Pauly and Ermentrout mortgages belonged to the mother; that these mortgages were paid by the respective mortgagors,—the Pauly mortgage ($2,704) on October 3, 1889, and the Ermentrout mortgage ($318) on February 5, 1891. The evidence, as we think, also conclusively shows that these payments were made to Mrs. Yetter as agent for her mother. It is urged that Randall, the only living witness of the transaction, (Pauly having died,) could not testify that Mrs. Yetter was the person to whom the Pauly mortgage was paid, as he did not know her personally, but merely testified that Pauly introduced her to him as Mrs. Zwick's daughter. But it appeared that Mrs. Zwick was at the time in California, whence Mrs. Yetter, according to her own statements, had come to Minneapolis to attend to her mother's business, and that the woman thus introduced to Randall and to whom the money was paid had possession of the satisfaction of the mortgages, executed by Mrs. Zwick in California, and which she delivered to Pauly on his payment of the money. The conclusion is irresistible that the woman was Mrs. Yetter. The money on the Ermentrout mortgage is also traced into her hands by the fact that the checks in which it was paid were indorsed in her handwriting.

It further appears that Mrs. Yetter deposited moneys that came into her hands in a savings bank, the book account commencing in January, 1885, with a deposit of $900, and continuing open until the time of her death, in November, 1891, at which time there was over $5,000 to her credit, the only withdrawal during all the time being $22.50 in July, 1885. It also appears that Mrs. Yetter made a deposit in the bank of $2,700 on the 3d of October, 1889, and of $350 on February 5, 1891, the exact dates on which the mortgages referred to were respectively paid. It was also practically undisputed that Mrs. Yetter had no property, money, or source of income, except what she received from her mother. It seems to us that this

chain of evidence conclusively proved (1) that Mrs. Yetter received the money on these mortgages, and (2) that she never paid it over to her mother.    Under this state of facts the admission of the testimony of the witness Corrigan as to what Pauly testified to in the Probate Court (and which went only to the fact that he paid the money to Mrs. Yetter) was, at most, error without prejudice.    It also follows that, in view of this state of evidence, there was no error in the court's refusing to instruct the jury that the burden was on the executors of Mrs. Zwick to prove both that Mrs. Yetter had received the money, and also that she had not paid it over, or accounted for it, to her mother.

As we view the evidence, the only question for the jury was whether Mrs. Zwick had made a gift of the money to her daughter. The burden of proving this was, of course, on the administrator. The only evidence tending to prove this was the testimony of some neighbors as to casual conversations with Mrs. Zwick, in which she stated that her daughter had plenty of money in bank, etc., and that she (the mother) had given her money and property, because she (the daughter) had received nothing from her father, who had given everything to his sons.    To say nothing of the somewhat remarkably exact correspondence in the testimony of these witness, this evidence was subject to all the uncertainties of slippery memory as to casual conversations which partook largely of the character of neighborhood gossip.    Moreover, it was a fair question for the jury whether these statements of Mrs. Zwick, if made, might not have referred to money and property to a considerable amount, which it appears she had given her daughter years before.    Without stopping to mention other pertinent facts, we are of opinion that the evidence, taken as a whole, was not such as to require the jury to find that the mother had made a gift of this money to her daughter.

We have examined all of appellant's numerous assignments of error, and find nothing else in them worthy of special notice.

Order affirmed.

(Opinion published 57 N. W. Rep. 147.)

Application for reargument denied December 19, 1893.